UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN WELLS,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No. 3:05-CV-149
                                     )        (Phillips/Shirley)
EPES TRANSPORT SYSTEM, INC.,         )
and LEONARD G. INGRAM,               )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of

this Court, and by Order [Docs. 24, 28, 29] of the Honorable Thomas W. Phillips, United States

District Judge, for disposition of Plaintiff John Wells' Motion for Supplemental Stenographic

Deposition Pursuant to F.R.C.P. 30(a)(2)(B) [Doc. 23]; Plaintiff Alicia Wells' Motion to Determine

the Sufficiency of Discovery Responses and to Compel Discovery Pursuant to F.R.C.P. Rule 33 and

F.R.C.P. Rule 34 [Doc. 25]; and Defendants' Motion to Quash [Doc. 27]. The Court held a hearing

on these motions on April 19, 2006.

## I.      Plaintiff's Motion for Supplemental Stenographic Deposition

The plaintiff John Wells moves for an Order allowing him to take the supplemental

deposition of the defendant Leonard Ingram. [Doc. 23]. For grounds, plaintiff's counsel states that

a supplemental deposition is needed because discovery received after Mr. Ingram's deposition

indicates that he testified falsely about certain matters. The defendants oppose the plaintiff's request.

For good cause shown, Plaintiff John Wells' Motion for Supplemental Stenographic Deposition Pursuant to F.R.C.P. 30(a)(2)(B) [Doc. 23] is **GRANTED**. However, Mr. Ingram's supplemental deposition shall be limited to: (1) questions regarding Robin Riggins, Mr. Ingram's passenger at the time of the accident; (2) questions regarding photographs produced after Mr. Ingram's deposition; and (3) questions regarding representations made in Mr. Ingram's employment application regarding his driving record. Mr. Ingram's supplemental deposition shall be scheduled at a date and time mutually agreeable to all parties.

## II.    Plaintiff's Motion to Compel Discovery

The plaintiff Alicia Wells moves to compel Mr. Ingram to respond the plaintiff's interrogatories. [Doc. 25]. In a supplemental filing [Doc. 39], Ms. Wells states that she has received Mr. Ingram's responses and that this portion of her motion is now resolved. Accordingly, to the extent that the plaintiff's motion [Doc. 25] seeks to compel Mr. Ingram, it shall be **DENIED AS MOOT**.

Ms. Wells also moves the Court to overrule EPES' objections and to compel EPES to respond to the plaintiff's requests for production of documents. Specifically, the plaintiff seeks the production of EPES' financial information. [Doc. 25]. For grounds, Ms. Wells argues that she is entitled to discover financial information regarding EPES' financial affairs, financial condition and net worth as such information is relevant to her claim for punitive damages.

The defendant EPES opposes the plaintiff's motion, arguing that she has not stated a sufficient factual basis for an award of punitive damages, and therefore, such discovery is premature.

Under the Federal Rules, information is discoverable if it is "relevant to the claim or defense of any party" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may limit discovery upon a showing that the discovery sought is unreasonably cumulative, or duplicative, or is more easily obtainable from another source; that the party seeking discovery has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

In Tennessee, punitive damages are recoverable "only in the most egregious of cases" and only where the plaintiff proves by clear and convincing evidence that the defendant engaged in intentional, fraudulent, malicious or reckless conduct. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992). Here, Ms. Wells claims that the requested discovery is relevant to her claim for punitive damages. Specifically, she claims that Mr. Ingram was grossly negligent in operating his vehicle.

Under Tennessee law, punitive damages are assessed only after liability has been established. Id. Once liability is established, "[o]nly then will a defendant's 'financial affairs' and 'financial condition' be relevant to assess punitive damages." Cook v. Caywood, No. 04-2139-M1 V, 2004 WL 3142221, at *2 (W.D. Tenn. Dec. 15, 2004). In Breault v. Friedli, 610 S.W.2d 134 (Tenn. Ct. App. 1980), the Tennessee Court of Appeals, adopting the following discovery procedure

3

as set forth in Cobb v. Superior Court for Los Angeles County, 99 Ca. App. 3d 543, 160 Cal. Rptr. 561 (1980):

> [The Cobb Court] proposed that a plaintiff first take discovery on the underlying merits of the case. If it appears from the discovery on the merits that a factual basis for punitive damages exists, then the plaintiff is permitted to discover the defendant's financial condition. The court pointed out that the plaintiff need not prove the case for punitive damages during discovery. The plaintiff is not even required to show that there is a substantial likelihood of recovery. The plaintiff must only show that some factual basis for punitive damages exists.

Breault, 610 S.W.2d at 139.

The plaintiff seeks financial information only with respect to defendant EPES. The plaintiff has asserted only a claim of vicarious liability against EPES, and seeks to rely upon the allegations of gross negligence on the part of Mr. Ingram to show a factual basis for a punitive damages claim against EPES, Mr. Ingram's employer. The plaintiff has not cited any case, however, which supports her argument that punitive damages may be recovered against an employer solely on the theory of respondeat superior. Moreover, the Court finds that the plaintiff has not yet shown a sufficient factual basis for punitive damages against defendant EPES in this case. Accordingly, Plaintiff Alicia Wells' Motion to Determine the Sufficiency of Discovery Responses and to Compel Discovery Pursuant to F.R.C.P. Rule 33 and F.R.C.P. Rule 34 [Doc. 25] is **DENIED** at this time. If, however, the plaintiff can set forth a sufficient factual and legal basis for her punitive damages claim against EPES, the plaintiff may renew her request for EPES' financial information.

4

**III.     Defendants' Motion to Quash**

The defendants move to quash plaintiff Alicia Wells' notice for a 30(b)(6) deposition on April 26, 2006. [Doc. 27].  At the hearing, the parties advised the Court that they have agreed to reschedule this deposition for May 2, 2006, and therefore, Defendants' Motion to Quash [Doc. 27] is moot and shall be **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ENTER:**

____s/ C. Clifford Shirley, Jr.____
United States Magistrate Judge